# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-50222
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TREVOR SWIFT,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CR-101-1

———————————————————————

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Trevor Swift was convicted of possessing visual depictions of sexual activities by minors. The relevant evidence was discovered on a microSD card found in Swift's office desk by employees of the Belton Independent School District (BISD); Temple Police Detective Kenneth McRae later conducted his own search after obtaining a search warrant for the microSD

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

card. On appeal, Swift challenges the district court's denial of his motion to suppress evidence and his related confession, arguing that BISD's initial warrantless search of the microSD card violated the Fourth Amendment and rendered Detective McRae's subsequent warrant search likewise unconstitutional.

Evidence obtained during the execution of a warrant later determined to be deficient might nevertheless be admissible under the good faith exception. *United States v. Massi*, 761 F.3d 512, 525 (5th Cir. 2014). The good faith exception has several offshoots, including this court's "close enough" doctrine. *See id.* at 528. Under that standard, the sole relevant question in this appeal is whether BISD's prior conduct that uncovered the evidence used in Detective McRae's warrant affidavit was close enough to the line of constitutional validity that an objectively reasonable officer preparing the affidavit would believe that the information supporting the warrant was not tainted by unconstitutional conduct. *See id.* We resolve this inquiry against Swift. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

Considering all the evidence in the light most favorable to the Government, *see id.*, it would not be objectively unreasonable for an officer in Detective McRae's position to believe that BISD's warrantless search of the microSD card was constitutional because the record is, at best, unclear as to whether Swift owned, and therefore had a reasonable expectation of privacy in the contents of, the microSD card. Stated otherwise, the question whether BISD could search the microSD card without a warrant "does not lead to an easy negative answer." *United States v. Fulton*, 928 F.3d 429, 436 (5th Cir. 2019). Because there is a reasonable view of the evidence supporting the finding that Detective McRae's reliance on the search warrant was objectively reasonable and made in good faith, *see Massi*, 761 F.3d at 525, 528-29, the judgment is AFFIRMED.